UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WALTER S. ODOM

VERSUS                                             CIVIL ACTION

BEVERLY EASTERLY                                   No. 00-233-C
(FORMERLY GERAGE)
INDIVIDUALLY, AND ON BEHALF OF
HER MINOR DAUGHTER, LAURA A.
NEWMAN

**WRITTEN REASONS FOR RULING ON MOTION TO DISMISS,
OR ALTERNATIVELY A MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on a Motion to Dismiss, or alternatively a Motion for Summary Judgment (Doc. No. 8) filed by third party defendant, Millers Mutual Insurance Company of Texas. Plaintiff in Intervention, Lillie Pizzolato, and defendant, Beverly Easterly, have filed opposition. Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332. The court, having previously entered an order granting Millers Mutual Insurance Company of Texas' motion to dismiss, now assigns the following reasons for that ruling.

**FACTUAL BACKGROUND**

On November 4, 1998, plaintiff, Walter S. Odom (Mr. Odom), filed a Petition for Nullity of Judgment in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. Plaintiff sought to have a default judgment entered against him by

Doc#1747

`19th JDC cert copy`

defendant, Beverly Easterly declared null and void. The default judgment resulted from a wrongful death suit filed by Beverly Easterly (Ms. Easterly) against Mr. Odom; his wife, Lillie Pizzolato; and Millers Mutual Insurance Company of Texas (Millers Mutual), Mr. Odom's insurer. The wrongful death suit stemmed from an automobile accident involving Lillie Pizzolato (Ms. Pizzolato) and Ms. Easterly wherein Ms. Easterly's minor daughter, Laura A. Newman, was killed. As a result of the accident, Ms.Pizzolato pled "nolo contendere" to two charges of vehicular homicide, on February 22, 1995, and was sentenced to ten years hard labor in the custody of the Louisiana Department of Corrections.[1]

During the proceedings of the wrongful death lawsuit, Millers Mutual, by way of concursus proceedings, deposited an amount of $20,000.00, which represented the maximum policy limits of Mr. Odom's policy with Miller Mutual, into the registry of the 19th Judicial District Court. Thereafter, Millers Mutual was dismissed from the lawsuit. On April 21, 1998, a default judgment was entered against Mr. Odom and Ms. Pizzolato in the state court lawsuit in the sum of $1,280,990.79.

Thereafter, Mr. Odom filed his petition for nullity. Subsequently, Ms. Pizzolato filed a petition of intervention and a third party demand against Millers Mutual in the nullity suit, seeking to have the default judgment declared null and void, and asserting that she never received proper service of Ms. Easterly's wrongful death

---

[1] See Lilie Pizzolato's Petition for Intervention for Nullity of Judgment, Third Party Demand and Injunctive Relief, ¶ 16.

lawsuit.  Through her third party demand, Ms. Pizzolato demands payment in the sum of $1,280,990.79 against Millers Mutual for its failure to defend Ms. Pizzolato in the default proceedings of the wrongful death lawsuit.  Ms. Pizzolato also alleges ill practices of law against Millers Mutual for its failure to defend her as an insured under the terms of the policy which insured the policyholder, Mr. Odom.  Millers Mutual removed the matter to federal court.

Millers Mutual now files this motion to dismiss, seeking the dismissal of Ms. Pizzolato's third party demand for her failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, on the grounds that Ms. Pizzolato has failed to state an actionable claim against Millers Mutual in these proceedings.

## **STANDARD - MOTION TO DISMISS**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff.[2] "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3]

Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in

---

[2] **Malina v. Gonzales,** 994 F.2d 1121, 1125 (5th Cir. 1993).

[3] **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278, 284 (5th Cir.1993).

support of his claims that would entitle him to relief.[4]  The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances.[5]

## DISCUSSION

Millers Mutual argues that a failure of an insurance company to defend an insured is not fraud or ill practices, and therefore, Ms. Pizzolato has failed to state a claim or cause of action against Millers Mutual.  Millers Mutual also argues that Ms. Pizzalota failed to plead her claim of fraud or ill practices with specificity.

Rule 9(b) of the Federal Rules of Civil Procedure provides as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[6]  Reviewing Ms. Pizzolato's third party demand, the court finds that it fails to state a cause of action against Millers Mutual pursuant to LSA-C.C.P. art. 2004 and also fails to meet the particularity requirements for pleading fraud or mistake under Rule 9(b) of the Federal Rules of Civil Procedure.  In her petition, Ms. Pizzolato sets forth the following allegations:

---

[4] See **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Home Capital Collateral Inc. v. FDIC**, 96 F.3d 760, 764 (5th Cir.1996).

[5] **Mahone v. Addicks Util. Dist. Of Harris County**, 836 F.2d 921, 926 (5th Cir.1988).

[6] See **United States ex rel Riley v. St. Luke's Episcopal Hospital,** 355 F.3d 370, 381 (5th Cir. 2004).  Millers Mutual cites to LSA-C.C.P. art. 856 which governs a state claim for pleading fraud or mistake. However, This article is of no moment here because, although a federal court applies state substantive law in a diversity action, a federal court is always governed by the Federal Rules of Civil Procedure.  See **Erie Railroad Co. v. Thompkins,** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938).

XVI

As an additional ground for nullity of judgment, petitioner asserts ill practices of law against her insurance company, The Millers Casualty Insurance Company of Texas as a Third Party Demand, which company failed to defend her as an insured under the terms of the policy which insured the policy holder, Walter S. Odom and Lillie Pizzolato, after filing Answer, which breach of duty to insureds is the direct and proximate cause of the One Million Dollar Default Money Judgment for which nullity is sought.

XVIII

Intervenor, Lillie Pizzolato makes demand against The [Millers Mutual Insurance Company of Texas] for the amount of One Million Two Hundred Eighty-Nine Thousand Nine Hundred Ninety Nine ($1,289,990.79) Dollars Due to the failure of the insurance company to defend her in the default judgment proceeding in good faith and is liable unto Lillie Pizzolato for all sums and litigation costs which she has had to expend to nullify the erroneous Default Money Judgment....

A reading of the petition reflects that Ms. Pizzolato sets forth as a basis for her cause of action the fact that Millers Mutual failed to defend her in the default proceedings. The court finds that this allegation does not state a cause of action since it fails to set forth with particularity a claim for fraud or mistake against Millers Mutual. Rule 9(b) requires that when Ms. Pizzolato alleges fraud she must describe a specific occasion where a particular person misrepresented the truth for purposes of manipulation. Ms. Pizzolato does not provide the requisite additional factual support — she does not allege the particular ill practices involved, the person committing those ill practices, or the time and place of the ill practices. Clearly, Ms.

Pizzolato has not satisfied Rule 9(b), and her third party demand against Milers Mutual should be dismissed.   Accordingly,

IT IS ORDERED that the Motion to Dismiss (Doc. No. 8) filed by defendant, Millers Mutual Insurance Company of Texas, is GRANTED.

IT IS FURTHER ORDERED that, since the court declines to exercise supplemental jurisdiction over the remaining state-law claims of the remaining, non-diverse parties, those claims are remanded to the 19th Judicial District Court of East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on April 9, 2008.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**